UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RANDALL J. McATEE**                                                               **PLAINTIFF**

v.                                                **CIVIL ACTION NO. 3:21CV-344-CRS**

**LMPD 911 DISPATCH**                                                **DEFENDANT**

**<u>MEMORANDUM</u>**

Plaintiff Randall J. McAtee, proceeding *pro se*, filed the instant civil action. The Court entered an Order on June 17, 2021, denying Plaintiff's application to proceed without prepayment of fees and directing him to pay the $402.00 filing fee within 30 days of entry of the Order (DN 5). The Order warned Plaintiff that failure to tender the filing fee within the time allowed would result in dismissal of this action.

Plaintiff failed to comply with the Court's Order. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have

remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: March 7, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Jefferson County Attorney
4411.010